```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HAI DONG LI,                                                :
                                                            :
                                        Plaintiff,          :
                                                            :            19-CV-11629 (VSB)
                -against-                                   :
                                                            :              **OPINION & ORDER**
ALI BABA GROUP HOLDING LTD., et al.,                        :
                                                            :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/2021

Appearances:

Ning Ye
Law Office of Ning Ye
Flushing, New York
*Counsel for Plaintiff*

Stephen Patrick Blake
Jonathan Stewart Kaplan
Stephanie Hon
Simspon Thacher & Bartlett LLP
Palo Alto, California
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me are Defendant Alibaba Group Holding Ltd.'s ("Defendant" or "Alibaba") motions (1) to dismiss the First Amended Complaint (Doc. 18 ("FAC")) filed by Plaintiff Hai Dong ("Plaintiff" or "Li"), (Doc. 25); (2) for sanctions, (Doc. 13); and (3) to strike Li's response to Alibaba's motion for sanctions, (Doc. 22). Because Li fails to assert even a colorable basis for this Court's jurisdiction, the motion to dismiss is GRANTED. The motion for sanctions is GRANTED insofar as it seeks a pre-litigation injunction against Li. The terms of the pre-litigation injunction are set forth below.

I. **Background**[1]

Alibaba is a major international e-commerce and technology company created under Cayman Islands law and with a principal place of business in China. (Doc. 18 ("FAC") ¶¶ 23–24; Doc. 15 ("Kaplan Decl.") Ex. A.) Unlike e-commerce companies like Amazon, Alibaba does "not sell directly to customers," but operates a "third-party platform business model"—it connects third-party merchants who open digital storefronts on its various platforms to customers. (FAC ¶¶ 3, 6; Kaplan Decl. Ex. A at 4.) One of these platforms is Tmall.com ("Tmall").[2] Tmall is operated by an indirect subsidiary of Alibaba.[3]

Plaintiff Li, who presently resides in New York City, (FAC ¶ 21), previously resided in Hangzhou, China, (Kaplan Decl. Ex. B). He does not plead his own citizenship. However, in a declaration filed after the First Amended Complaint, he states that he is "a legally admitted permanent national of the United States." (Doc. 33 at 1.)

Li alleges that he "opened [a] factory" and created digital storefronts on Tmall to sell shoes and furniture. (FAC ¶ 39.)[4] Although his pleadings are less than clear, Li seems to claim that he took these business steps in reliance upon public statements made by Alibaba and its indirect subsidiaries that they would "build" a "quality" online "mall;" would "support mid-and-

---

[1] This section sets forth the factual allegations contained in the FAC that are relevant to the instant motions. I assume those allegations to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Additionally, I consider certain documents presenting publicly available information of which I may properly take judicial notice on a motion to dismiss. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

[2] *See* Alibaba Group Fiscal Year 2020 Annual Report 38–39, https://www.sec.gov/Archives/edgar/data/0001577552/000110465920082881/a20-6321_46k.pdf.

[3] *See id.* at 92–93.

[4] Li's pleadings refer to both Tmall and "Taobao." (FAC ¶ 5.) Like Tmall, Taobao is a digital marketplace operated by an indirect subsidiary of Alibaba. *See supra* note 2 at 38, 92–93. Li's pleadings, however, often use Tmall and Taobao interchangeably, or they refer to both at once in phrases like "opened two stores at T-mall Taobao." (*See, e.g.*, FAC ¶¶ 34, 39.) It is not relevant to my disposition to distinguish between Tmall and Taobao, so I refer only to Tmall in this opinion.

small sized online merchants;" and would police counterfeit merchandise sold on their various platforms.  (*Id.* ¶¶ 37–38.)  Li pleads he found "it was really difficult to sell products online" and that, for many sellers on Tmall, business was "not profitable"—although Li does not say that his business was one of these non-profitable sellers.  (*Id.* ¶¶ 40–41.)  Li also says that Alibaba "did not [] support" smaller merchants like him.  (*Id.* ¶ 47.)

At some point in time, Tmall announced that if one of its customers purchased "counterfeit goods" on its platform, the purchaser would be refunded five times the purchase price.  (*Id.* ¶ 52.)  Li, believing this "a blank check . . . too good to be true," (*id.*), began engaging in what he calls "knowing-fake-and [sic] buying-fake," (*id.* ¶ 64), in which he set up multiple accounts and placed around 200 orders for "fake products" in hopes of collecting refunds five times the amount he spent on the fake products, (*see id.* ¶¶ 55–63).  After Li engaged in "painstaking discussion[s]" with Alibaba customer service over his purchases, Alibaba froze Li's accounts, including those Li made on Alibaba's digital payment platform.  (*Id.* ¶ 70.)

Li filed "several litigations" in courts in China against Alibaba over the matters he pleads in this action, and Li "lost his litigations" and was ordered to pay "hefty sanctions."  (*Id.* ¶ 85.)  Li does not say when these litigations occurred or how much he was ordered to pay in sanctions.

## II.    Procedural History

Li filed this action on December 19, 2019, in which he initially named various other defendants as well as John Doe and Mary Roe defendants.  (Doc. 2.)  Although Li filed this action pro se, counsel appeared on Li's behalf on January 23, 2020 and has been representing Li since then.  (Doc. 5.)  Alibaba filed a motion to dismiss and a motion for sanctions on February 18, 2020.  (Docs. 10, 13.)  By order dated February 19, 2020, I directed Li to file any amended complaint by March 4, 2020, (Doc. 16), and Li subsequently filed the FAC, (Doc. 18), which

only named as Defendants Alibaba and the previously-mentioned Does and Roes.  On March 10, 2020, Alibaba filed a reply brief in support of its motion for sanctions, as Li had not yet filed any papers in opposition to Alibaba's sanctions motion.  (Doc. 19.)  The next day, Li filed a brief in opposition to the motion for sanctions, (Doc. 21), which Alibaba moved to strike, (Doc. 22).

On March 24, 2020, Alibaba moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), (Docs. 24–25), and, on April 8, 2020, Alibaba filed its reply brief in support, (Doc. 26), once again with Li failing to timely file papers in opposition Alibaba's motion.  On that same day, Li's counsel moved for an "enlargement of time" on various grounds, including that he is "a solo practitioner . . . in self-therapy, self-recovering process to fight against [sic] Flu like syndrome in home and bed confinement under quarantine," which, he said, was "[m]ore horrifying" because it was a "virus" from the "place of origin of Defendant Alibaba."[5]  (Doc. 28 at 1–2.)  On May 12, 13, and 14, 2020, Li filed papers in opposition to the motion to dismiss the FAC.  (Docs. 29–33.)

### III.  Legal Standards

#### A.  *Rule 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question") (internal quotation marks omitted).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted

---

[5] I did not rule on Li's untimely motion for an enlargement of time.

facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11 Civ. 1169(PAC)(RLE), 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

### B. *Rule 12(b)(2)*

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S.Ct. 1184, 1191 (2007) (citing *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 93–102 (1998)). However, a court may "turn[] directly to personal jurisdiction" to dismiss an action where it faces "a straightforward personal jurisdiction issue" that "involve[s] no arduous inquiry." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999). Moreover, "[a]lthough [courts] traditionally treat personal jurisdiction as a threshold question to be addressed prior to consideration of the merits of a claim, that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues" on the merits. *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 n.6 (2d Cir. 2013) (internal citation omitted).

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir.

5

2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

To defeat a jurisdiction-testing motion, the plaintiff's burden of proof "varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). Prior to an evidentiary hearing, a plaintiff need only make a prima facie showing that jurisdiction exists. *Id.* at 84–85; *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.") (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)). This showing may be made through materials outside the pleadings. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

If the court considers pleadings and affidavits submitted by the parties, the plaintiff's "prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). Plaintiff's averments "must be taken as true to the extent they are uncontroverted by the defendant's" submissions. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). If the parties present conflicting affidavits, however, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary

presentation by the moving party." *Seetransport Wiking*, 989 F.2d at 580 (citation omitted).

### IV. Discussion

#### A. *Li's First Amended Complaint Fails to Establish Subject Matter Jurisdiction or Personal Jurisdiction*

As an initial matter, because Li did not timely file papers opposing any of Defendants' motions and supporting papers, I need not consider the untimely opposition papers he did eventually file. *See, e.g.*, *Feltzin v. Stone Equities, LLC*, CV 16-6457 (SJF) (AKT), 2018 WL 1115135, at *7 (E.D.N.Y. Feb. 8, 2018) (explaining that a court need not consider untimely papers absence a showing of "good cause," which "at a minimum," requires a party to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (internal quotation marks omitted) (collecting cases), *report and recommendation adopted*, 16-CV-6457 (SJF)(AKT), 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018). The closest thing to an attempt to show good cause for his untimeliness is Li's April 8, 2020 motion asking me to extend "the deadline for Plaintiff to submit all responsive briefs" to "May 4th, 2020." (Doc. 28 at 2.) However, Li never addressed his failure to timely oppose Defendants' motion for sanctions, which was filed on February 18, 2020. Perhaps more importantly, Li did not file any papers opposing the motion to dismiss until over a week after the deadline he requested, and his motion for an extension of time does not explain how he meets the "good cause" standard for enlarging time under Federal Rule of Civil Procedure 6(b). *See Smith v. Masterson*, No. 05 Civ. 2897(RWS), 2006 WL 2975393, at *1 (S.D.N.Y. Oct. 17, 2006) (citing *Raymond v. Int'l Bus. Mach. Corp.,* 148 F.3d 63, 67 (2d Cir. 1998)). As such, Li has not raised an argument sufficient to show that there is good cause to consider his opposition papers.

Even if I were to overlook Li's untimely opposition papers, the FAC does not sufficiently allege subject matter or personal jurisdiction. The operative complaint states that the only

7

"jurisdictional basis" for this action is "[f]ederal [q]uestion [j]urisdiction" pursuant to 28 U.S.C. § 1331, which Li says is proper due to alleged violations of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. §§ 78dd–78dd-3; the Sarbanes-Oxley Act ("SOX"), Pub. L. 107-204, 116 Stat. 745; and the Electronic Signatures in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. §§ 7001–7006. (FAC at 3.)  Defendants argue that none of these statutes create causes of action that could give rise to any private rights of action and thus that I am without subject matter jurisdiction over this case.  (Doc. 25 at 15–16.)

"Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim." *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015) (citing, among others, *Republic of Iraq v. ABB AG*, 768 F.3d 145, 171 (2d Cir. 2014)); *see, e.g.*, *Chenkin v. 808 Columbus LLC*, 368 F. App'x 162, 163 (2d Cir. 2010) ("Although the district court, concluding that the Housing Act of 1949 does not provide a private right of action, dismissed the complaint both for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted, we affirm on the latter ground.") (collecting cases).  "[H]owever, . . . federal claims that are 'not colorable, *i.e.*,'" those claims that are "'immaterial and made solely for the purpose of obtaining jurisdiction' or . . . 'wholly insubstantial and frivolous,' do not give rise to federal-question jurisdiction." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)).  For a complaint to fail to clear even this "low bar," its asserted bases for jurisdiction must be "'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' [or] 'obviously without merit,'" *id.* (quoting *Shapiro v. McManus*, 136 S.Ct. 450, 456 (2015)), such as when it "is foreclosed by Supreme Court or Second Circuit precedent," *id.* at 128 (citing *Steel Co. v. Citizens for a Better Env't*, 523

8

U.S. 83, 89 (1988)); *see also, e.g.*, *Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (affirming dismissal of pleadings for lack of subject matter jurisdiction for "fail[ing] to raise a colorable federal claim"). Moreover, "a plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists. Subject matter jurisdiction will lie only where the court determines that the substance of the plaintiff's allegations raises a federal question." *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) (internal citations, quotation marks, and alteration marks omitted), *aff'd*, 547 U.S. 677 (2006).

Here, Li has failed to plead any colorable federal claims. Li's only stated basis for invoking the FCPA is that Defendants engaged in various practices such as "brib[ing]" certain "corrupted [sic] government officials." (FAC ¶ 74.) Such a claim is plainly foreclosed by circuit precedent. *ABB AG*, 768 F.3d at 171 ("We conclude that there is no private right of action under the antibribery provisions of the FCPA"). Similarly, Li's invocation of SOX also cannot supply subject matter jurisdiction, as "[t]he rights of action that are created under SOX (having to do with insider trading by frozen pension plans and retaliation against corporate whistleblowers) have nothing to do with the facts pleaded by plaintiff." *Walzer v. UAL Corp.*, No. 05 Civ. 0581(CM), 2008 WL 87944, at *2 (S.D.N.Y. Jan. 2, 2008), *aff'd*, 351 F. App'x 551 (2d Cir. 2009); *see also Cohen v. Viray*, 622 F.3d 188, 194 (2d Cir. 2010) (holding no basis to infer a right of action under SOX other than those that expressly "do provide a private cause of action"). Li merely pleads, in conclusory fashion, that Defendants violated SOX by failing to make "earlier and more complete disclosure [sic] of information" and by their "fraudulent handling of documents." (Doc. 17 ¶ 151.) Such allegations are clearly deficient. Finally, Li provides no colorable basis for a claim under the E-Sign Act, a statute that says nothing about any private

right of action, *see* 15 U.S.C. § 7001, and which "cannot form the basis for federal question jurisdiction," *Dabydeen v. Wells Fargo Bank, N.A.*, 18-CV-3396(KAM), 2018 WL 3212421, at *3 (E.D.N.Y. June 29, 2018); *Yoshimura v. Takahashi*, 446 F. Supp. 3d 644, 652 (D. Haw. 2020) (same).[6]

Even if Li had adequately alleged subject matter jurisdiction, in the alternative, I hold that the FAC fails to plead facts establishing personal jurisdiction over Alibaba. Li pleads that "this Court's personal jurisdiction will be established through international service of process." (Doc. 17 at 2). "Three requirements must be met to exercise personal jurisdiction over a defendant: service of process must have been procedurally proper, 'there must be a statutory basis for personal jurisdiction,' and 'the exercise of personal jurisdiction must comport with constitutional due process principles.'" *Johnson v. UBS AG*, 791 F. App'x 240, 242 (2d Cir. 2019) (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016)), *cert. denied*, 140 S.Ct. 2514 (2020). Li identifies no statutory basis for personal jurisdiction. Moreover, Li has not pleaded any facts suggesting that "the exercise of personal jurisdiction comports with the due process clauses of the Fifth and Fourteenth Amendments," which would require some showing of Alibaba's "minimum contacts with the forum to justify the court's exercise of personal jurisdiction." *Id.* (internal quotation marks omitted). Li pleads no "suit-related conduct" with New York State or with the United States to warrant specific jurisdiction over Alibaba, *Walden v. Fiore*, 571 U.S. 277, 284 (2014), nor does he plead that Alibaba has "continuous and systematic" "affiliations" "to render [it] essentially at home in the forum State" to warrant general jurisdiction, *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks

---

[6] While I need not consider Li's papers filed in opposition to the motion to dismiss given that they were untimely, as discussed *supra*, I do find it telling that Li's opposition brief apparently concedes that "this instant case is not a legal action" brought pursuant to the "E-Sign Act." (Doc. 30 at 14.) In other words, Li appears to be abandoning any attempt to assert a federal claim under the E-Sign Act.

omitted). .

Accordingly, the FAC is dismissed.

### B. *Sanctions*

Alibaba seeks sanctions against Li under Rule 11 of the Federal Rules of Civil Procedure due to Li's "pattern of filing vexatious lawsuits that serve no purpose other than to harass." (Doc. 14 at 6.) Alibaba requests (1) a pre-litigation injunction against Li to prevent him "from filing lawsuits against Defendants or any related entities without leave of the Court," and (2) monetary sanctions "requiring Mr. Li to compensate Alibaba for costs and fees incurred by [Alibaba] in defense of this frivolous lawsuit." (*Id.*)

When imposing a sanction that "restrict[s] a litigant's future access to courts," a district court is to asses a number of factors, including

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)). *See also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 728 F. Supp. 1032, 1043 (S.D.N.Y. 1990) ("inter-court injunctions . . . are appropriate" in circumstances "includ[ing] . . . enjoining repeated, baseless, vexatious litigation," and "in certain actions involving parallel actions in foreign courts").

Here, Li has shown a history of filing duplicative, vexatious, and unreasonable lawsuits against Alibaba. In addition to his frivolous complaint filed in this action, *see*

11

*supra*, he has brought actions asserting many of these same allegations against Alibaba twice before in New York—one in federal court and one in state court—(Kaplan Decl. Exs. C &D), and he filed "several litigations [in] the Chinese courts," which he himself pleads led to his being "ordered to pay hefty sanctions to Defendant Alibaba," (FAC ¶ 85). All of these other cases were dismissed. (Kaplan Decl. Ex. C at 14–16; *id.* Ex. D. at 27; FAC ¶ 85). By filing similar, legally spurious complaints against Alibaba repeatedly, Li has shown that he cannot have "an objective good faith expectation of prevailing." To date, nothing has dissuaded Li from pursuing his frivolous litigation against Alibaba. He continued in this action even after Alibaba warned his prior counsel as to the frivolous nature of Li's state court action, (Kaplan Decl. Ex. E), which was enough to cause his prior counsel to withdraw, (*id.* Ex. F). Similarly, because Li concedes that he has already faced monetary sanctions for bringing related suits against Alibaba, Li has demonstrated that monetary sanctions alone are unlikely to stop him from filing more baseless lawsuits. There is thus sound basis for imposing the pre-filing injunction on Li that Alibaba seeks. *See, e.g.*, *Ranasinghe v. Kennell*, No. 16-CV-2170 (JMF), 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017) (circumstances showed that "mere dismissal of this action will not hinder [the plaintiff] from initiating further similar proceedings" and "that other types of sanctions would be unavailing") (quoting *Safir*, 792 F.2d at 24), *aff'd*, 718 F. App'x 82 (2d Cir. 2018).

Li simply does not make any meaningful argument in response to the sanctions motion.[7] Li says that Alibaba's motion for sanctions is "premature" and a "scare

---

[7] Although I need not consider Li's opposition papers since they were untimely filed, *see supra*, I will consider them here in light of the seriousness with which the federal court system treats motions for sanctions. *Cf, e.g.*, *Ex'r of the N.Y. Estate of Kates v. Pressley & Pressley, P.A.*, No. 11-CV-3221 (JFB) (ARL), 2013 WL 495415, at *2 (E.D.N.Y.

tactic[]," (Doc. 21 at 7), but he does not claim to have had a good faith basis for filing litigation against Alibaba, either in this action or in any of the others.  I also find it relevant that, in his opposition to Alibaba's motion to dismiss, Li fails to make any legally cogent arguments, much less colorable ones, concerning why I should exercise jurisdiction over this action.  For example, although Li pleaded that the FCPA provides for federal question jurisdiction in this action, (FAC ¶ 30A), Li's opposition brief argues that "Plaintiff did not bring [sic] an action of FCPA," (Doc. 30 at 13).  Immediately after this sentence, Li's opposition brief says

> The same like a federal crime victim can bring about crime victim suits against the perpetrator triggering federal prosecution, even though Federal criminal procedures and its related substantive law normally under 18 USC are not self-executing to enable the victim to bring about criminal prosecution in a U.S. District Court.  The victim's ensuing restitution suits still involve Federal Questions and/or issues in relation to inter-state commerce and international commerce as federal questions.

(*Id.*)[8]  It is not clear what this passage means.  Indeed, Li's papers are rarely more comprehensible than the above passage.  I find that Li's incomprehensible opposition papers further weigh in favor of sanctions, as it shows an inability or outright refusal to engage meaningfully with the Court and the legal process.

Accordingly, it is hereby ORDERED that Li is barred from filing future actions related to or arising from his purchase of allegedly counterfeit goods from Alibaba or any entity affiliated with it—against any party or in any court—without first obtaining leave to file from this Court.  Any motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File."  Li must attach a copy of his proposed

---

Feb. 7, 2013) (Bianco, J.) ("Although defendants raised the issue of sanctions (including a litigation injunction) in their August 15, 2011 letter motion, the Court determined that it must give plaintiffs a full opportunity to be heard before imposing any sanctions.") (internal citation omitted).

[8] This passage, along with its grammatical and other errors, is copied verbatim from Li's brief.

complaint and attach a copy of this Opinion and Order with any such motion.  The motion must be filed with the Pro Se Office of this Court.  If Li violates this Opinion and Order and files an action without first obtaining leave to file, the action will be dismissed for failure to comply with this Opinion and Order, and Li may be subject to sanctions, including contempt.  Additionally, Li is warned that submission of further frivolous documents may result in the imposition of additional sanctions, including monetary penalties.  *See* 28 U.S.C. § 1651; *see also, e.g.*, *Gertskis v. N.Y. Dep't of Health and Mental Hygiene*, No. 13-CV-2024 (JMF), 2014 WL 2933149, at *7 (S.D.N.Y. June 27, 2014) (imposing sanctions in the form of a similar pre-litigation injunction).

In light of the pre-litigation injunction, I will not impose monetary sanctions against Li.  "Rule 11 of the Federal Rules of Civil Procedure—the basis for [Alibaba]'s sanctions motion—explicitly states that sanctions 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Ranasinghe*, 2017 WL 384357, at *6 (quoting Fed. R. Civ. P. 11(c)(4)).  The pre-litigation injunction prevents Li from again filing lawsuits like this one, which I find renders monetary sanctions inappropriate at this time.

## V. Conclusion

Alibaba's motion to dismiss is GRANTED, and its motion for sanctions is GRANTED in part and DENIED in part. The motion to strike is DENIED as moot.

The Clerk of Court is directed to terminate the open motions and to close this action.

SO ORDERED.

Dated: September 7, 2021
      New York, New York

                                        Vernon S. Broderick
                                      United States District Judge