UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                            :

HAI DONG LI,                     :
                            :

                   Plaintiff,   :
                            :             19-CV-11629 (VSB)

          -against-       :
                            :           **OPINION & ORDER**

ALIBABA GROUP HOLDING LTD., *et al.*,  :
                            :

                 Defendants.  :
                            :

----------------------------------------------------------X

Appearances:

Hai Dong Li
*Pro se Plaintiff*

Stephen P. Blake
Jonathan S. Kaplan
Stephanie L. Hon
Simpson Thacher & Bartlett LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Hai Dong Li's ("Plaintiff" or "Li") motion for reconsideration of

my September 7, 2021 Opinion & Order dismissing the case for failure to establish subject

matter jurisdiction or personal jurisdiction. (Doc. 40 ("Mot." or "Reconsideration Motion").)

Because Plaintiff's Reconsideration Motion is untimely and Plaintiff failed to establish that relief

from judgment is otherwise justified on the merits, Plaintiff's Reconsideration Motion is

DENIED. Also before me is Plaintiff's motion to deny Ning Ye's ("Ye"), his former counsel,

attorney's lien. (Doc. 52 ("Motion to Deny").) Because Ye, Plaintiff's former counsel, filed a

letter motion seeking permission to withdraw his attorney's lien, Ye's request to withdraw his

attorney's lien motion is GRANTED and Plaintiff's Motion to Deny is DENIED as moot.  Also before me is Plaintiff's motion for sanctions against Ye.  (Doc. 53 ("Sanctions Motion").) Because the Sanctions Motion fails to comply with the safe harbor provision outlined in Fed. R. Civ. P. 11(c)(2), the Sanctions Motion is DENIED.

## I.      **<u>Background</u>**[1]

Plaintiff Li, who presently resides in New York City, (Doc. 20 ("FAC" or "First Amended Complaint") ¶ 21), previously resided in Hangzhou, China, (Doc. 15-2 at 16). Although Plaintiff does not plead his own citizenship, in a declaration filed after the First Amended Complaint, he states that he is "a legally admitted permanent national of the United States."  (Doc. 33 at 1.)  Defendant Alibaba Group Holding Ltd. ("Defendant" or "Alibaba") is a major international e-commerce and technology company created under Cayman Islands law and with a principal place of business in China.  (FAC ¶¶ 23–24.)

Li alleges that he "opened [a] factory" and created digital storefronts on Tmall, a platform operated by Alibaba, to sell shoes and furniture, in reliance upon public statements made by Alibaba and its indirect subsidiaries that they would "build" a "quality" online "mall," would "support mid-and-small sized online merchants," and would police counterfeit merchandise sold on their various platforms.  (FAC ¶¶ 37–39.)  At some point in time, Tmall announced that if one of its customers purchased "counterfeit goods" on its platform, the purchaser would be refunded five times the purchase price.  (*Id.* ¶ 52.)  Li began engaging in what he calls "knowing-fake-and [sic] buying-fake," (*id.* ¶ 64), in which he set up multiple accounts and placed around 200 orders for "fake products" in hopes of collecting refunds five times the amount he spent on the fake products, (*see id.* ¶¶ 54–63).  Alibaba froze Li's accounts,

---

[1] I assume the parties' familiarity with the relevant facts and procedural history, which are set forth in my September 7, 2021 Opinion & Order.  (*See* Doc. 34 ("Op." or "Opinion").)

including those Li made on Alibaba's digital payment platform.  (*Id.* ¶¶ 70, 72.)  Li filed "several litigations" in courts in China against Alibaba, "lost his litigations," and was ordered to pay "hefty sanctions."  (*Id.* ¶ 85.)

## II.    Procedural History

Li initiated this action pro se by filing a complaint on December 19, 2019, in which he initially named various other defendants as well as John Doe and Mary Roe defendants.  (Doc. 2.)  Counsel, Ning Ye, appeared on Li's behalf on January 23, 2020.  (Doc. 5.)  After Alibaba filed a motion to dismiss and a motion for sanctions on February 18, 2020, (Docs. 10, 13), I issued an order on February 19, 2020, directing Li to file any amended complaint by March 4, 2020 or opposition to the motion to dismiss by March 13, 2020, (Doc. 16).  On March 10, 2020, Alibaba filed a reply brief in support of its motion for sanctions, as Li had not yet filed any papers in opposition to Alibaba's motion to dismiss.  (Doc. 19.)  Later that day,[2] Li filed a First Amended Complaint, which only named as Defendants Alibaba and the previously-mentioned Does and Roes.  (Doc. 20.)  On March 11, 2020, Li filed a brief in opposition to Alibaba's sanctions motion, (Doc. 21), which Alibaba moved to strike on March 17, 2020, (Doc. 22).  On April 7, 2020, Alibaba filed its reply brief in support of its motion to strike, (Doc. 26), before Li timely filed papers in opposition to the motion to strike.

On March 24, 2020, Alibaba moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), (Docs. 24–25), and, on April 8, 2020, Alibaba filed its reply brief in support, (Doc. 27), once again before Li timely filed papers in opposition to Alibaba's motion to dismiss.  On that same day, Li's counsel moved for an

---

[2] Plaintiff initially tried to file the FAC on March 4, (Doc. 17) and March 9, (Doc. 18), but those filings were rejected due to filing error.

"enlargement of time" until May 4, 2020 "to submit all responsive briefs" on various grounds.[3] (Doc. 28.)  On May 12, 13, and 14, 2020, Li filed his untimely opposition to the motion to dismiss the FAC.  (Docs. 29–33.)

On September 7, 2021, I dismissed Plaintiff's case for failure to establish subject matter jurisdiction or personal jurisdiction, (*see* Opinion), and the Clerk of Court issued a judgment on September 8, 2021, (Doc. 35 (the "Judgment")).  The Opinion imposed a pre-filing injunction on Plaintiff, barring him "from filing future actions related to or arising from his purchase of allegedly counterfeit goods from Alibaba or any entity affiliated with it—against any party or in any court—without first obtaining leave to file from this Court."  (Op. 13.)  The Opinion further directed that "[a]ny motion for leave to file must be captioned 'Application Pursuant to Court Order Seeking Leave to File,'" which must "attach a copy of [Li's] proposed complaint and attach a copy of [the] Opinion . . . with any such motion," and "must be filed with the Pro Se Office of this Court."  (*Id.* at 13–14.)  I warned that "[i]f Li violates [the] Opinion . . . and files an action without first obtaining leave to file, the action will be dismissed for failure to comply with [the] Opinion."  (*Id*. at 14.)  On October 6, 2021, Plaintiff sought leave to file an amended complaint, (Doc. 36), which I denied on October 7, 2021 because Plaintiff failed to attach a copy of his proposed complaint with the application, as I required in the Opinion, (Doc. 37 (the "SAC Denial")).

On October 7, 2021, Plaintiff appealed the Opinion, the Judgment, and the SAC Denial. (Doc. 38.)  On April 5, 2023, the Second Circuit issued a mandate affirming the Opinion and the SAC Denial.  (Doc. 39.)  Six months after the Second Circuit's mandate and over two years after the Judgment was issued, Plaintiff filed the instant motion for reconsideration pro se on October

---

[3] I did not rule on Li's untimely motion for an enlargement of time.

16, 2023.  (Doc. 40.)[4]  Plaintiff seeks relief from the Judgment pursuant to Rule 60(b)(1) and 60(b)(6).  (Mot. 1; Doc. 44-2 ("Li Decl.") ¶ 4.)  On October 26, 2023, Alibaba filed a response in opposition to the Reconsideration Motion.  (Doc. 41.)  On October 27, 2023, Plaintiff filed a response to Alibaba's opposition to the Reconsideration Motion.  (Doc. 42.)  On June 17, 2024, Plaintiff filed a reply in support of the Reconsideration Motion, seven months after the deadline to submit a reply.  (Doc. 45.)

On October 16, 2025, Plaintiff moved for permission to participate in electronic case filing in this case.  (Doc. 47.)  I issued a memo endorsement on October 21, 2025, permitting Plaintiff to participate in electronic case filing and ordering Plaintiff or his counsel to file a motion to withdraw as counsel because Ye was still listed as Plaintiff's counsel of record on the docket.  (Doc. 48.)  On October 22, 2025, Plaintiff filed a motion to withdraw Ye as his counsel and requested to appear pro se, stating that "[t]he attorney-client relationship has completely broken down due to irreconcilable differences, lack of communication, and serious ethical concerns regarding counsel's conduct."  (Doc. 49 ¶ 2.)  Plaintiff's motion to withdraw Ye as his counsel provided that "Ye asserts no retaining or charging lien," (*id.* ¶ 17), but Local Civ. R. 1.4(b) requires a "showing by affidavit or otherwise . . . whether or not the attorney is asserting a retaining or charging lien."  Thus, on October 23, 2025, I ordered Ye to submit an affidavit by October 31, 2025, stating whether he is asserting a retaining or charging lien.  (Doc. 50.)

On October 31, 2025, Ye submitted an affidavit in response to Plaintiff's motion to withdraw Ye as counsel, (Doc. 51 ("Ye Decl.")), and attached the retainer agreement for this

---

[4] On November 26, 2023, Plaintiff moved to amend/correct his motion for reconsideration, (Doc. 43), and filed a supporting declaration, (Doc. 44), to separate the documents filed within his previously-filed motion for reconsideration.  I granted Plaintiff's motion to amend/correct his motion for reconsideration in a text order, noting that I would "consider the documents submitted with the motion to amend (Doc. 43), in deciding the motion for reconsideration (Doc. 40)."  (Doc. 46.)

action, (Doc. 51-1).  Ye noted that he resigned from representing Plaintiff on or about March 15, 2023 and asserted a "fee lien" of $120,000 to protect his entitlement to fees and expenses incurred in the course of his representation of Plaintiff.  (Ye Decl. ¶¶ 5, 8, 18–19, 22.)  Ye also stated that if Plaintiff "voluntarily dismiss[es] his lawsuit against [Ye], [Ye] would certainly consider to withdraw [his] lien request."  (*Id.* ¶ 21.)  On November 3, 2025, Plaintiff filed the Motion to Deny, (Doc. 52), along with exhibits, (Docs. 52-1–52-3), and a supporting memorandum of law, (Doc. 55).  On that same day, Plaintiff filed the Sanctions Motion against Ye, (Doc. 53), along with supporting memorandum of law, (Doc. 56).  Plaintiff also filed a declaration in support of both the Motion to Deny and the Sanctions Motion.  (Doc. 54.)

On November 3, 2025, I issued an order granting Plaintiff's motion for Ye to withdraw as his counsel and further ordered Ye to respond to Plaintiff's Motion to Deny and Sanctions Motion by November 17, 2025 and clarify whether he is asserting both a charging and a retaining lien, and provided Plaintiff the opportunity to file a reply, if any, to his Motion to Deny and Sanctions Motion by November 24, 2025.  (Doc. 57 at 3.)

On December 16, 2025, Plaintiff filed a letter requesting a ruling on the Motion to Deny and Sanctions Motion because Ye had not responded in the time I directed in the November 3, 2025 order.  (Doc. 58.)  On December 30, 2025, I issued an order once again directing Ye to respond to the Motion to Deny and Sanctions Motion by January 7, 2026, and directed Plaintiff to file a reply, if any, in support of his Motion to Deny and Sanctions Motion by January 14, 2026.  (Doc. 59.)  I warned that "[i]f Ye fails to respond to the Motion to Deny and Motion for Sanctions, I will deem the motions unopposed and will decide the motions without the benefit of Ye's opposition."  (*Id.* at 2.)

On January 29, 2026, three weeks after the deadline I set in my December 30, 2025 order,[5] Ye filed a declaration in opposition to Plaintiff's Sanctions Motion and Motion to Deny and requesting leave to file the belated declaration in opposition. (Docs. 60–61.[6]) On February 9, 2026, Plaintiff filed a reply in further support of his Sanctions Motion, and in opposition to Ye's request to consider his declaration in opposition. (Doc. 62.)

On February 23, 2026, Ye filed a letter requesting that I permit him to "withdraw [his] lien request in response to" my October 23, 2025 order. (Doc. 63 at 1.) Ye states that following my October 23, 2025 order, he "submitted [his] Request together with a list of my billable hours without deep thinking" and requests that I allow him to "withdraw [his] lien request and favor[] [him] with a clean-cut withdrawal" because if I do not "reopen the case against Defendant Alibaba, then this case won[']t likely result in any revenues for the Plaintiff from Defendant Alibaba" and the "charging lien . . . from the anticipated contingency, will become MOOT." (*Id.*) Ye also attached as an exhibit several of his medical records. (*See* Doc. 63-1.)[7]

## III.   Legal Standards

### A.   *Motion for Reconsideration*

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Reconsideration is an "extraordinary

---

[5] Ye acknowledged that the declaration was filed three weeks past the deadline I set, but alleged that the delay is due to excusable neglect because, among other reasons, he is 74 years old and has been experiencing significant health issues. (*See* Doc. 60 ¶¶ 2–6; Doc. 61 ¶¶ 2–6.) I will consider Ye's belated declaration in opposition.

[6] Doc. 60 and Doc. 61 appear to be duplicates of the same declaration in opposition to Plaintiff's Sanctions Motion and Motion to Deny and both request leave to file the belated declaration in opposition. The only difference appears to be that Ye attached an amended complaint in *Li v. Law Office of Ning Ye, Esq.*, Index No. 710898/2004 (Queens Sup. Ct.) to Doc. 61. (*See* Doc. 61-1.)

[7] Although Ye did not file his medical records under seal, I will direct the Clerk of Court to seal this exhibit for confidentiality. *See* Rule 5.B of my Individual Rules & Practices in Civil Cases.

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted).  The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted).  Rather, a motion for reconsideration "may be granted only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Whether to grant or deny a motion for reconsideration "is within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis in original) (internal quotation marks omitted).  Even still, pro se litigants are "obligated to comply with the relevant rules of procedural and substantive law." *Doe v. Torres*, No. 05-CV-3388, 2006 WL 290480, at *3 (S.D.N.Y. Feb. 8, 2006); *see also Zietek v. Pinnacle Nursing & Rehab Ctr.*, No. 21-CV-5488, 2022 WL 624881, at *1 (S.D.N.Y. Mar. 2, 2022) (noting that pro se plaintiffs are "required to

inform themselves regarding procedural rules and to comply with them" in moving for reconsideration (internal quotation marks omitted)); *Turner v. Naphcare*, No. 19-CV-412, 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (same).

Additionally, Local Civ. R. 6.3 provides that "[u]nless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Fed. R. Civ. P. 60 provides that a motion for reconsideration under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Although I must liberally construe the pleadings of a pro se litigant, Plaintiff is not excused from the requirements of Rule 60(b) or Local Rule 6.3, both of which are rigorous. *See Patterson v. United States*, No. 04-CV-3170, 2006 WL 2067036, at *1–2 (S.D.N.Y. July 26, 2006).

### B. *Motion for Sanctions*

Federal Rule of Civil Procedure 11(b) provides that:

[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).  A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002).  Rule 11 sanctions may also be imposed where an attorney's "behavior was objectively unreasonable." *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 247 (S.D.N.Y. 2014) (internal quotation marks omitted), *aff'd in part, appeal dismissed in part sub nom. Corsini v. Nast*, 613 F. App'x 1 (2d Cir. 2015) (summary order).  Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support." *In re Highgates Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (internal quotation marks omitted).  If an attorney is found to have violated Rule 11, they may be subject to sanctions.  Fed. R. Civ. P. 11(c).

Rule 11 also sets forth certain procedural requirements.  Rule 11 requires that "[a] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service."  Fed. R. Civ. P. 11(c)(2).  This provision is commonly known as the "safe harbor provision."  A motion that fails to comply with the safe harbor provision of Rule 11 must be denied.  *See, e.g.*, *Fierro v. Gallucci*, 423 F. App'x 17, 18–19 (2d Cir. 2011) (summary order) (affirming denial of sanctions for failure to comply with twenty-one-day service requirement); *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (finding that, because movant "failed to comply" with Rule 11(c), there was "no error in the district court's decision" to deny sanctions); *Targum v. Citrin Cooperman & Co.*, No. 12-CV-6909, 2013 WL 6087400, at \*4 (S.D.N.Y. Nov. 19, 2013) ("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." (internal quotation marks omitted)).  "The safe-harbor provision is a strict procedural requirement." *Star*

10

*Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

### IV.    Discussion

#### A.    *Motion for Reconsideration*

Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6), and offers several unpersuasive arguments in support of his motion for reconsideration.  Plaintiff argues that the Reconsideration Motion should be granted and this case should be reopened because:  (1) Plaintiff presents "new evidence" regarding subject matter jurisdiction, (Li Decl. ¶¶ 7–10 (capitalization altered)); (2) Plaintiff's counsel negligently prosecuted the case on his behalf, (*id.* ¶¶ 35–50); (3) my Opinion was issued "without adequate notice or a proper hearing . . . conflict[ing] with the *Moates* [*v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)] ruling, thereby jeopardizing the Plaintiff's right to due process," (*id.* ¶ 58); and (4) Plaintiff has "suffered from unjust judicial treatment and financial loss," (Li Decl. ¶ 61, *see also id.* ¶¶ 59–62).[8]  The first argument appears to be premised on Rule 60(b)(2), although the Plaintiff does not cite Rule 60(b)(2) in the Reconsideration Motion, the second and third arguments appear to be premised on Rule 60(b)(1), and the last argument appears to be premised on Rule 60(b)(6)'s catchall provision.  Plaintiff fails to meet his burden for reconsideration.

#### 1.    Plaintiff's Motion for Reconsideration is Untimely Under Rule 60(b)(1)

As an initial matter, Plaintiff filed the instant Reconsideration Motion on October 16, 2023, over two years after my September 7, 2021 Opinion dismissing the action and long past the one year window for motions for reconsideration under Rule 60(b)(1).  *See* Fed. R. Civ. P.

---

[8] Plaintiff also alleges various facts, including Defendant's allegedly "suspicious ties [with] the Supreme People's Court," (Li Decl. ¶ 23 (capitalization altered); *see also id.* ¶¶ 22–28), none of which are tethered to a colorable federal claim.

60(c)(1) (Rule 60(b)(1)–(3) motions must be made "no more than a year after the entry of the judgment or order"); *see also Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) ("The one-year limitation period for Rule 60(b) motions is absolute." (internal quotation marks omitted)).  "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018); *see also, e.g.*, *Cooper v. Lapra*, No. 18-CV-9405, 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) (finding "reason enough to deny [the petitioner's] motion for reconsideration" where the petitioner offered "no justification for his delay in filing the motion for reconsideration").  The fact that Plaintiff is now proceeding pro se and, assuming the truth of Plaintiff's assertions, that Plaintiff's attorney was negligent, does not excuse the untimeliness of the Motion since attorney negligence is not a sufficient ground for relief under Rule 60(b)(1).  *See Sable v. Kirsh*, No. 15-CV-4372, 2017 WL 4620997, at *3 (E.D.N.Y. Oct. 13, 2017) ("Negligence of a party's attorney is insufficient grounds for relief under Rule 60(b)(1)." (collecting cases)); *Sonhouse v. Nynex Corp.*, No. 96-CV-3326, 2000 WL 60204, at *2 (S.D.N.Y. Jan. 24, 2000) (that a pro se plaintiff's "former attorney has since been disbarred for his negligence does not constitute grounds for relief"), *aff'd*, 225 F.3d 646 (2d Cir. 2000) (summary order).  Thus, Plaintiff's motion under Rule 60(b)(1) is untimely.

### 2. Even if Plaintiff's Motion for Reconsideration was Timely under Rule 60(b)(1), Plaintiff's Rule 60(b)(1) Arguments Do Not Warrant Reconsideration

Even if Plaintiff's motion was timely, I find no basis to warrant reconsideration of my previous dismissal and imposition of a pre-filing injunction.  "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other

parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks omitted).  Plaintiff's misgivings about his counsel or his dissatisfaction with his representation, along with his argument that I misapplied the law are insufficient to warrant relief under Rule 60(b)(1).

          a.    <u>Plaintiff's Argument Regarding His Counsel's Neglect Does Not Justify Reopening This Case</u>

Plaintiff's conclusory allegations that he was misled by his attorney, without more, do not provide the degree of "highly convincing" evidence required for relief from judgment.  Plaintiff asserts that his counsel negligently represented him in "failing to submit legal documents within the stipulated timeline, not conducting thorough case investigations, not adequately pursuing jurisdiction for the case, providing incorrect legal advice, and failing to properly address Alibaba's sanction requests against the plaintiff."  (Li Decl. ¶ 45.)  Plaintiff further alleges that he was misled by Ye into believing that "due to [Plaintiff's] non-U.S. citizen status, the court lacked jurisdiction over the case," and that Ye "intentionally concealed the fact that he did not submit the necessary documents before the deadline[,] and wrongfully asserted that the case's failure was due to judicial injustice and procedural errors by the judge."  (*Id.* ¶ 46.)  Plaintiff asserts that Ye's "misleading actions led the plaintiff to consent to NING YE representing them in the appeals court," (*id.*), presumably instead of filing a timely motion for reconsideration. Plaintiff attaches proof of an ongoing complaint for attorney misconduct filed with the State of New York Grievance Committee for the Second Judicial Department (the "Committee") in the form of the Grievance Committee Complaint Form against Ye[9] dated March 17, 2023, (Doc. 40-

---

[9] Plaintiff also filed documents showing that he filed a grievance with the Committee and a complaint in state court against his previous counsel, Mr. Wu, related to representation of Li for similar claims to those alleged in this action, (Doc. 40-1 at 32–38 (Exhibit 41), 93–104 (Exhibit 48)).  Mr. Wu did not appear as counsel in this action, although Plaintiff claims that he "set a trap for the plaintiff by filing a lawsuit in pro se on the plaintiff's behalf without providing the necessary legal support."  (Li Decl. ¶ 43.)

1 at 86–91 (Exhibit 47)), and a March 31, 2023 letter from the Committee acknowledging receipt of Plaintiff's complaint and declining to open an investigation, (*id.* at 92).  Plaintiff also attaches a complaint against Ye, filed in state court, alleging negligent misrepresentation, (*id.* at 106–16 (Exhibit 49)).  Plaintiff appears to seek relief from judgment pursuant to Rule 60(b)(1) on the theory that his omissions were due to the "mistake, inadvertence or excusable neglect" of his counsel, and I will construe his motion accordingly.

Even if I assume as true the claim that Ye neglected to timely move for reconsideration, this Circuit has "consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (internal quotation marks omitted).  Where, as here, a plaintiff "voluntarily chose [an] attorney as his representative in the action, . . . he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976).  "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer*, 793 F.2d at 62.

          b.  <u>Plaintiff's Argument Regarding the Pre-Filing Injunction Does Not Justify Reopening This Case</u>

Plaintiff seeks reconsideration of my imposition of a pre-filing injunction, arguing that I "issued an injunction order without adequate notice or a proper hearing," which "stands in conflict with the *Moates* [*v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)] ruling, thereby jeopardizing the Plaintiff's right to due process."  (Li Decl. ¶ 58.)  "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without

providing the litigant with notice and an opportunity to be heard." *Moates*, 147 F.3d at 208. In light of the fact that Alibaba moved for sanctions, including a filing injunction, (Doc. 13), on the same day that it filed its motion to dismiss, (Doc. 10), Plaintiff was provided with notice and an opportunity to be heard when he filed his opposition to Alibaba's motion for sanctions, (Doc. 21). As I stated in the Opinion, "[a]lthough I need not consider Li's opposition papers [to Alibaba's sanctions motion] since they were untimely filed . . . I [did] consider them here in light of the seriousness with which the federal court system treats motions for sanctions." (Op. 12 n.7.) Moreover, Plaintiff did not "make any meaningful argument in response to [Alibaba's] sanctions motion," instead, Plaintiff argued that the sanctions motion was "'premature' and a 'scare tactic' . . . but he [did] not claim to have had a good faith basis for filing litigation against Alibaba, either in this action or in any of the others." (*Id.* 12–13 (quoting Doc. 21 at 7).) I note that, even now, Plaintiff does not make any meaningful argument in response to Alibaba's sanctions motion. A motion for reconsideration "is not a substitute for appeal, nor is it an opportunity to take a second bite at the apple." *Ong v. Chipotle Mexican Grill, Inc.*, 329 F.R.D. 43, 54 (S.D.N.Y. 2018) (internal quotation marks omitted), *aff'd sub nom. Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133 (2d Cir. 2020), nor is it "an opportunity to repackage rejected arguments in hopes of obtaining a more favorable result," *In re Tenaris S.A. Sec. Litig.*, No. 18-CV-7059, 2021 WL 2843204, at *4 (E.D.N.Y. July 1, 2021). Thus, I do not find that Plaintiff's arguments related to the pre-filing injunction meet the high bar necessary to grant the "extraordinary remedy" of a motion for reconsideration. *Ong*, 329 F.R.D. at 50 (internal quotation marks omitted).

   3. **Plaintiff's "New Evidence" Under Rule 60(b)(2) Does Not Warrant Reconsideration**

Although Plaintiff does not state that he brings the Motion under Rule 60(b)(2), he does allege that he has "new evidence and reasons for reconsideration," (Li Decl. ¶¶ 7–10 (capitalization altered)).  As an initial matter, Plaintiff's claim under Rule 60(b)(2) would fail for the same reason his claim under Rule 60(b)(1) claim fails—the "new" evidence is untimely as it was brought "more than a year after the entry of the judgment," Fed. R. Civ. P. 60(c)(1).  *See supra* Part IV.A.1.  In any event, Plaintiff's Rule 60(b)(2) argument is insufficient.  The "new" evidence identified by Plaintiff would not save Plaintiff's insufficient pleadings regarding subject matter and personal jurisdiction because "Li [still] pleads no suit-related conduct with New York State or with the United States to warrant specific jurisdiction over Alibaba, nor does he plead that Alibaba has continuous and systematic affiliations to render it essentially at home in the forum State to warrant general jurisdiction."  (Op. 10 (internal quotation marks and brackets omitted).)

First, Plaintiff alleges that Defendant "operates actively in the U.S. capital markets."  (Li Decl. ¶ 7.)  However, Defendant's "stock trading on NASDAQ in the form of American Depositary Shares," (*id*.), is insufficient, on its own, to establish personal jurisdiction.  *See In re Teekay Offshore Partners L.P. Common Unitholders Litig.*, No. 19-CV-6483, 2021 WL 1227415, at *6 n.5 (S.D.N.Y. Mar. 31, 2021) (explaining that "[u]nder both Second Circuit and New York precedent" the fact that a defendant lists securities on the New York Stock Exchange is "insufficient to establish personal jurisdiction as a matter of law"); *Chowdhury v. VEON Ltd.*, No. 21-CV-3527, 2023 WL 2266479, at *5 (S.D.N.Y. Feb. 28, 2023) (finding that the defendant's "listing of securities on the Nasdaq is insufficient to establish personal jurisdiction.").

16

Second, Plaintiff alleges that Defendant "operates globally, . . . in the U.S. and the state of New York." (Li Decl. ¶ 7.) "The mere existence of an interactive website that is accessible in New York, however, is not sufficient to exercise personal jurisdiction. Personal jurisdiction can be exercised only if Defendant used the Website to purposely avail itself of the forum state." *Zelvin v. H Heritage, Inc.*, No. 23-CV-8022, 2024 WL 3742526, at *4 (S.D.N.Y. Aug. 9, 2024) (internal quotation marks omitted) (cleaned up). Although Alibaba's website is interactive because it allows customers to purchase items on its platforms, Plaintiff "fails to allege facts tending to show that defendant targeted individuals in New York, such that defendant purposefully availed itself of New York." *Wills v. Resorts World Las Vegas, LLC*, No. 25-CV-1052, 2025 WL 1696969, at *2 (E.D.N.Y. June 17, 2025).

Third, Plaintiff alleges that a decision in a different case in this District "confirmed" the Court's personal jurisdiction over Defendant. (Li Decl. ¶ 8.) The precedent that Plaintiff cites, "*Alibaba Group Holding Limited v. Alibabacoin Foundation et al.*, (1:18-CV-2897)," (Li Decl. ¶ 8), appears to be a citation to *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897, 2018 WL 5118638 (S.D.N.Y. Oct. 22, 2018), a case where Alibaba is the plaintiff, not the defendant. It is black letter law that "[a] plaintiff that seeks redress in a court necessarily *chooses* to come before the court in the first instance . . . [and t]hus, any court with jurisdiction over the subject matter of a suit will necessarily have personal jurisdiction over the plaintiff who brings it." *Biegeleisen v. Ross*, No. 96-CV-1157, 1996 WL 531923, at *1 (S.D.N.Y. Sept. 18, 1996) (emphasis in original). Moreover, even if such evidence did establish Alibaba's personal jurisdiction, which it does not, the "new" evidence presented is not evidence "that, with reasonable diligence, could not have been discovered" earlier, Fed. R. Civ. P. 60(b)(2), because it was available to Plaintiff before I issued the Opinion. "To prevail on a motion for relief

17

pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004).  Plaintiff fails to establish justifiable ignorance.  In any event, none of this "new evidence" addresses Plaintiff's failure to establish subject matter jurisdiction.  (*See* Op. 7–11.)

### 4.   Relief Under Rule 60(b)(6) is Foreclosed

In addition to premising his motion on Rule 60(b)(1), Plaintiff also cites Rule 60(b)(6), which permits relief for "any other reason that justifies relief."  Fed. R. Civ. P. Rule 60(b)(6) is a catchall provision that should be applied only when the movant demonstrates extraordinary circumstances.  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (cautioning that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances"); *Nemaizer*, 793 F.2d at 63 (Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." (internal quotation marks omitted)).  Plaintiff does not demonstrate any extraordinary circumstances justifying the grant of equitable relief.

First, Plaintiff is not entitled to relief under Rule 60(b)(6) because the Motion is premised on grounds covered by Rule 60(b)(1) and Rule 60(b)(2).  Rule 60(b)(6) "only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5)."  *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." (internal quotation marks omitted)).  "Rule 60(b)(6) cannot be used to

circumvent the time limitations of Rule 60(b)(1)." *Gulifield v. Miller*, No. 18-CV-2411, 2023 WL 8701242, at *2 (S.D.N.Y. Dec. 15, 2023). Here, Plaintiff's request for relief under Rule 60(b)(6) is foreclosed because Plaintiff's arguments regarding "new evidence," his counsel's neglect, and my purported legal error fall squarely within the ambit of Rule 60(b)(1) and Rule 60(b)(2) and thus cannot be considered under Rule 60(b)(6). *See Warren*, 219 F.3d at 115–16. Plaintiff's argument that he is "suffer[ing] from unjust judicial treatment and financial loss," (Li Decl. ¶ 61), does not warrant relief under Rule 60(b)(6) because Plaintiff has not met the burden of articulating what the "extraordinary circumstance[]" is or that the Judgment presents an "extreme or undue hardship." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

"Second, even if the grounds for the [M]otion did not fall under another subsection, Rule 60(b)(6) motions must be made 'within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and Plaintiff has presented no basis on which to conclude that the [twenty-four] months that have elapsed here is a reasonable period." *Gulifield*, 2023 WL 8701242, at *2 (citing *Moses v. United States*, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (collecting cases where delays ranging from ten to twenty months following a decision were found not to be within reasonable time)), *aff'd*, 119 F. App'x 357 (2d Cir. 2005) (summary order)). Indeed, Plaintiff does not even attempt to explain the reason for his two-year delay in moving for reconsideration of the Opinion.

Finally, Plaintiff has also not shown gross attorney incompetence warranting relief under Rule 60(b)(6). "In typical civil proceedings, [courts] very rarely grant[] relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004); *see also Kaye v. New York City Health & Hosps. Corp.*, 348 F.R.D. 287, 290 (S.D.N.Y. 2024) ("Vacating a civil judgment based on an attorney's shortcomings is not impossible, but is about as hard as it gets under Rule 60(b)." (citing *Harris*, 367 F.3d at 81)).

19

This is because, where plaintiffs have chosen their attorney as their representative in an action, they "cannot [then] avoid the consequences of the acts or omissions of this freely selected agent." *Cirami*, 535 F.2d at 740. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Kaye*, 348 F.R.D. at 290. (quoting *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34 (1962)). "Accordingly, to constitute extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, constructive disappearance, or a similar inability to provide adequate representation." *Rapillo v. Fingerhut*, No. 09-CV-10429, 2020 WL 2847940, at *4 (S.D.N.Y. June 1, 2020) (alterations adopted and internal quotation marks omitted). "Even an attorney's gross negligence alone is not a basis for relief under Rule 60(b)(6)." *Id.* (alterations adopted and internal quotation marks omitted).

Assuming, *arguendo*, that Ye did not "adequately pursue[] jurisdiction" or "fail[ed] to properly address Alibaba's sanction request," (Li Decl. ¶ 45), "this would not constitute the kind of 'egregious' failure that rises to the level of abandonment," *Rapillo*, 2020 WL 2847940, at *5 (noting that even if the plaintiff's counsel "failed to 'enunciate key evidence' in his opposition to Defendants' motion for summary judgment[,] which ultimately included 22 exhibits," that would not warrant relief under Rule 60(b)(6)). *See also Kaye*, 348 F.R.D. at 291 (Plaintiff's counsel's "questionable performance and failure to raise certain issues that [the plaintiff] asked her to are not enough to constitute abandonment under a constructive-disappearance theory" where the plaintiff "required repeated extensions and prodding by the Court to complete her summary judgment briefing, at times failed to follow procedural rules, filed numerous documents that

20

were incomplete on their face, and allegedly refused to raise several issues and facts that [the plaintiff] wanted the Court to consider."). An argument of abandonment would similarly be unfounded because Ye appeared before me throughout this litigation, including by responding to Alibaba's motion to dismiss and motion for sanctions, albeit belatedly. As Li's Declaration makes apparent, Plaintiff was in contact with Ye about his case and continued communicating with Ye through at least one month after I issued the Opinion, when Ye filed a notice of appeal from the Opinion, Judgment, and SAC Denial on October 7, 2021, (Doc. 38). (*See also* Li Decl. ¶ 46 ("Such misleading actions led the plaintiff to consent to NING YE representing them in the appeals court").) Moreover, Plaintiff includes as an exhibit March 17, 2023 emails—seventeen months after the appeal was taken—between him and Ye where Plaintiff wrote that he did "not agree to submit" Ye's "motion for a rehearing of the trial . . . to the appellate court" and explained that Ye "caused great harm and damage" to this case. (Doc. 40-1 at 67–70 (Exhibit 44).) This exhibit raises the question of why Plaintiff waited seven more months to file this Motion on October 16, 2023, or why he did not seek alternate counsel earlier, to the extent that he deemed Ye inadequate. Plaintiff has submitted no explanation for what appears to be his lack of diligence in prosecuting his case. Therefore, I find that Plaintiff has not pled any extraordinary circumstances warranting relief from judgment.

      **B.**    *Motion to Deny*

While Ye initially asserted a "fee lien" of $120,000 to protect his entitlement to fees and expenses incurred in the course of his representation of Plaintiff, (Ye Decl. ¶¶ 5, 8, 18–19, 22), Ye has since filed a letter seeking permission to withdraw his lien request, (Doc. 63). Ye asserts that the lien "which reflects the exact billable hours . . . should be contingent upon this Court reopened this case against Defendant Alibaba, granting the damages Plaintiff sought against the

21

real Defendant Alibaba. . . . Therefore, if there were no damages from defendant, [Ye] would quit his lien request." (Doc. 60 ¶¶ 7–8; Doc. 61 ¶¶ 7–8.) Because I deny Plaintiff's motion for reconsideration, I also grant Ye's request to withdraw his lien request, and deny Plaintiff's Motion to Deny as moot since Ye is no longer asserting a lien.

### C.    *Motion for Sanctions*

Plaintiff filed the Sanctions Motion against Ye pursuant to Rule 11 of the Federal Rules of Civil Procedure, (*see* Sanctions Motion), contending that Ye "engaged in serious litigation misconduct, including:  repeated failure to oppose dispositive motions; failure to present jurisdictional arguments; submission of deficient filings; fabrication of billing claims; unauthorized use of blank signature pages; coercive conduct; and post-withdrawal assertion of a baseless charging lien," (Doc. 56 at 1; *see also* Sanctions Motion 1 ("This [sanctions] motion is based upon Ye's misconduct during the course of his representation in this action and in connection with his subsequent filing at Dkt. 51 asserting a charging lien, which conduct includes, but is not limited to: false statements, fabricated and unsupported billing demands, fraud, improper coercion, abuse of process, serious professional negligence, procedural abandonment, failure to discharge fiduciary and diligence obligations, and multiple violations of professional ethics.")).  As a threshold matter, I must dismiss Plaintiff's Sanctions Motion because it does not comply with the safe harbor provision outlined in Fed. R. Civ. P. 11(c)(2). There is no indication that Plaintiff complied with Rule 11's procedural requirement that a sanctions motion be served on the offending party twenty-one days before it is filed with the court.  Plaintiff did not file an affidavit of service indicating that his Sanctions Motion was served on Ye prior to being filed.  Plaintiff also did not indicate through sworn affidavit or otherwise that a copy of his Sanctions Motion was served on Ye prior to being filed.

22

Because "[c]ompliance with Rule 11's safe harbor provision is mandatory . . . failure to do so will result in a denial of the sanctions motion." *Libaire v. Kaplan*, No. 06-1500, 2008 WL 794973, at *12 (E.D.N.Y. Mar. 24, 2008); *see also In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) ("[T]he 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission."); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328–29 (2d Cir. 1995) (rejecting motion for sanctions under Rule 11 because non-movant was not served twenty-one days prior to the sanctions motion); *Targum*, 2013 WL 6087400, at *9 ("Regardless of the merits of [the sanctions] motion, [defendant's] failure to comply with Rule 11's safe harbor requirement bars any award of sanctions."). Consequently, the Sanctions Motion is denied.[10]

## V.   <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for relief from my Opinion dismissing his case, Motion to Deny Ye's asserted lien, and Sanctions Motion are DENIED.

---

[10] I also note that it is not clear that a client, like Li, can file a Rule 11 motion against his own attorney in the very litigation the attorney allegedly violated Rule 11. The underlying case did not include any claims against Ye. Thus, it would appear that any remedy Li might seek would be in a state court malpractice claim, which Li has already filed. (*See* Doc. 61-1 (Amended Complaint in *Li v. Law Office of Ning Ye, Esq.*, Index No. 710898/2004 (Queens Sup. Ct.) alleging, among other claims, professional negligence, negligence, breach of contract, and fraud and deception, against Ye).)

The Clerk of Court is respectfully directed to seal Doc. 63-1 and terminate the open motions at Docs. 40, 52, and 53.

SO ORDERED.

Dated: March 17, 2026
New York, New York

Vernon S. Broderick
United States District Judge